**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

NOV 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RUCHELL CINQUE MAGEE )
Box 3471, CSP--Cor )
A92051 )
Corcoran, California 93212 )
(Enter your full name, prison number
and address)

v.

BOB DOLE, U.S. SENATOR;

- - - - - - - - - - - - - - - - - - - - -
Orrin Hatch, U.S. Senator )
Thelton E. Henderson )
D. Lowell Jensen, Judge )
Timothy Readon, agent )
(Enter the full name and address(es),
if known, of defendant(s) in this
action)

Case: 1:07-cv-02027
Assigned To : Unassigned
Assign. Date : 11/08/2007
Description: PRO SE GEN. CIVIL

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 USC §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis.* To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 USC §1915, effective April 26, 1996. The filing fee is $350.00.. If insufficient funds exist in your prison account at the time of filing your complaint, the court must assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

**RECEIVED**

OCT 2 6 2007

(1)    the average monthly deposits to your prison account, or
(2)    the average monthly balance of your prison account for the prior six-month period.

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## JURISDICTIONAL  STATEMENT

1. THE DEFENDANTS ARE UNITED STATES AGENTS.

2.   Defendants  are sued in individual capacity, jointly, seperately, severally

3.   for acting under color of federal statutes, rule and regulations and all law Unconstitutionally

4.   Knowingly, sadistically, recklessly, maliciously

5.   onto  plaintiff

6.   Plaintiff is a black man in the state of California Department of Corrections

7.   Defendants are not qualified immune from damages

8.   Plaintiff is deprived of rights secured by the United States Constitution

9.   Defendants have violated the First, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments of the United States Constitution

10.  Plaintiff contends all conditions precedent to institution of the action have occurred

11.  Plaintiff invoke this court's jurisdiction pursuant to 28 U.S.C.A. Section 1343;   28 U.S.C.C.A. Sections 2201 and 2202

12. This Court's venue is invoked pursuant to 28 U.S.C.A. Section 1391 (b) (1) @2)

13.  This lawsuit is brought in the interest of the public

14.  Defendants also violated The United State Constitution Article 1, Section 10, Clause 1.

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

## I.    SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?    Yes ( x )    No ( )

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( x )    No ( )

C.    If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.    Parties to this previous lawsuit.

Plaintiffs: ___Ruchell Cinque Magee_____

Defendants: ___A.K Scribners,_____

2.    Court (if federal court, name the district; if state court, name the county)

3.    Docket number ___07 - 0091 TEH_____

4.    Name of judge to whom case was assigned: ___Thelton E. Henderson___

5.    Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ___CONCEALED with jury acquittal_____

6.    Approximate date of filing lawsuit: ___January 1, 2007___

7.    Approximate date of disposition: ___n/a___
        ___or on-going denying access to court___


I.    **SUCCESSIVE CLAIMS**

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."


III.    **PLACE OF CONFINEMENT**

___Corcoran State Prison, California___


A.    Is there a prisoner grievance procedure in this institution?    Yes (  )      No ( x )
      If your answer is Yes, go to Question III B.  If your answer is No, skip Question III B,C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?    Yes (  )      No ( x )

C.    If your answer is Yes to Question III B;

      1.    To whom and when did you complain?    ___N/A___

      2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)      Yes (  )      No ( x )

      3.    What, if any, response did you receive?  (Furnish copy of response, if in writing.) ___N/A___

      4.    What happened as a result of your complaint?    ___N/A___

3

D.   If your answer is No to Question III B, explain why not. Prison authority
have no jurisdiction in this case

E.   If there is no prison grievance procedure in the institution, did you complain to prison authorities?     Yes ( )     No ( )     N/A

F.   If your answer is Yes to Question III E;

1.   To whom and when did you complain?     N/A

2.   Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)

3.   What, if any, response did you receive? (Furnish copy of response if in writing)     N/A

4.   What happened as a result of your complaint?     N/A

## IV.   PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.   Name of Plaintiff: Ruchell Cinque Magee  #A92051
Address: Box 3471, CSP-Cor.          Corcoran, CA 93212

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B.   Defendant: BOB+ DOLE,                         is employed
as U.S. Senator          at
Address:   642 Hart Senate Office Building
Washington, DC  20510 - 7250

Defendant: Orrin Hatch,                    is employed
as U.S. Senator          at
Address: 642 Hart Senate Office Building
Washington, DC  20510 - 7250

Defendant: Thelton E. Henderson          is employed as
Judge          at  U.S. District Court
Address:   450  Golden Gate Avenue

4

```
           San Francisco, California
    ------------------------------------------------
                  D. Lowell Jensen
Defendant: ---------------------------------------is employed

as _____ Judge, U.S. District Court _____-at _____

                 450 Golden Gate Avenue
Address:___ ._____

          San FRancisco,  California  94102
    ------------------------------------------------
```

V.  STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each Defendant is involved.  Include the names of other persons involved, dates and places.  If you intend to allege a number of related claims, number and set forth claim in a separate paragraph. Attach extra sheets if necessary.

1.  On October 11, 2007,  defendant Henderson, acting in CONTEMPT OF COURT, placed plaintiff's habeas corpus under gag rule the court already ruled illegal.   Defendant's action ( In re RUCHELL CINQUE MAGEE, NO. Civ. 07-0091-TEH, NDC, Oct 11, 2007) is in CONTEMPT OF THE COURT ORDER ( In re RUCHELL CINQUE MAGEE, NO. Civ. 05-80075 Misc. VRW, Northern Dist. Calif., May 2, 2005.)

2.   Defendant Henderson's claimed is that:
                          ( Continue ---)
Vl.   RELIEF

State briefly exactly what you want the Court to do for you.

1. Declaratory judgment, that the acts,  ommissions, policies and practices of defendants violates First, 5th, Sixth, Eighth and Fourteenth Amendments, which grant Constitutional Protection to the Plaintiff.

2.    Injunctive ORDER prohibiting use of all documents ___
                          (  (continue - - -)
Signed this 22-day of  October 2007

( Continue Paragraph D, Defendants ) :

Defendant: J. Pregerson,                is employed
as  Judge                    at U.S. Court of appeals
Address:  P.O. Box 193939
San Francisco,  California 94119-3939


Defendant:  Rawlinson,        is   employed
as   Judge            at U.S. Court of Appeals
San Francisco, California  94119 - 3939
Address:  P.O. Box 193939,  San Francisco, California

Defendant:  Audrey Collins         is   employed
as  judge             at  U.S. District Court
Address:  312 N. Spring Street
Los Angeles, California  90012


Defendant:  Samuel Conti               is employed
as   Judge              at  U.S. District Court
Address:  450 Golden Gate Avenue
 San Francisco,  California   94102


Defendant:  Morton R. Colvin  is employed
as    Judge            at Superior  Court
of San Francico County , Criminal Division,
Address:  850 Bryant  Street
San FRancisco,  California  94121
                              is employed
    Defendant:  Evelle J. Younger  as         . Attoney
Addess:  210 W. Temple Street   at
         Los Angeles, California  90012

( Continue Claim - Paragraph V )

" Magee (plaintiff) must ask permission of the
defendants Conti-Dole- Progerson-Rawlinson- Readon-
Hatch- Jensen ( The 9th Circuit's COINTELPRO)
to file habeas  corpus."

2.    On May 2, 2005, upon discovery of new evidence of
INNOCENCE supported by jury acquittal,  one judge Vaughn R.
Walker ORDERED VACATED the PRE-FILING ORDER (gag rule of
cointelpro) based on same used by those wrongfully denying
plaintiff access to court.    The federal District Court
went on to declare barred the Anti-terrorist act, because
judge Jensen abused its discretion May 10, 1995 upon issuing
such restrictions against access to court. ( EXHIBIT-1, ORDER,
attached hereto. )

3.    The Cointelpro gag rule referred as Pre filing review
was originally invented by defendant Conti July 9, 1971,
directing the Clerk of the Northern District Court of
California not to file any legal documents by Ruchell Magee
and Angela Davis, without cointelpro's permission.

4.    On May 10, 1995, after 20 years of Conti's gag rule
denying access to court, defendant Jensen adopted Conti's
order,  to Jensen's order denying access to court, as to
just Magee, not Davis.

4.    On February 4, 2004, defendant Henderson on the
run from jury acquittal showing in the records, read the
1996 Cointelpro Anti-Terrorist Act into Jensen's gag-
Rule, claiming permission of Cointelpro needed before habeas
Corpus can be allowed filed by Magee.

5.    On September 16, 1995, or about, defendants Hatch-
Dole and their agent Newt Ginrich ( in Washington, DC)
introduced the alleged Anti-Terrorist Act (amended 28 USC
sec. 2244 (1) (b), which was enacted March 5, 1996, or
about, by President Bill Clinton.  The Bill is vague
in ways that it invites lunatic mission by cointelpro
(secrete operation in the criminal justice system  that
frame and railroads innocent people on deliberately
and intentionally false charges, and manipulates the
court-system to deny indigent victims of wrongful
convictions access to court regarding habeas corpus
and the 1964 civil rights law.

6.       The 1996 Anti-terrorist Act used to deny
access to court is the same product of the Jim Crow
document invented by defendants Younger - Reardon-
Conti - Colvin - Jensen and Progerson and Rawlinson
enacted June 8, 1972 by the California legislation
where Younger claimed right of judges in California
to deny accused the Sixth Amendment right to act one's
own lawyer in criminal trial's.

7.    In May 1974, the U.S. Supreme Court ruled the
Younger law unconstitutional ( Farreta vs- California
1974,  U.S. Supreme Court ).

8.    Before the Supreme Court ruled the Cointelpro
gag rule on Sixth Amendment fair trial rights illegal,
the defendants had used it to force false misrepresentation

upon the plaintiff, and Concealed jury acquittal by use
of false Affidavit's which underminded the courts to
believe one jury William Irwin IMPEACHED the jury foreman
Bernard J. Suares and other jurors Declaration of
Acquittal.     The work of Cointelpro show in the
state decision styled ( Magee vs- Superior Court of
Court of Santa Clara County (1973) 34 Cal App. 3d 201))
Federal habeas corpus show jury acquittal gave the trial
judge (defendant Colvin) before he declared mistrial
April 3, 1973.    Defendant Colvin applied the Cointelpro
gag rule on the jurors by not allowing their verdicts
read in open court as required by both state and federal
laws.

9.    By January 23, 1975, defendants had issued
a life prison sentence against the plaintiff which would
trap the plaintiff in any California court rigged by
Cointelpro to deny access to court.

10.    Federal habeas corpus presents evidence that
Cointelpro suppressed showing acquittal gave the trial
judge during deliberation.     Habeas corpus put the burden
on the defendants to prove the jurors acquittal was not
gave the trial court, or tell why the acquittal was not
honored, as required by law.

11.    Cointelpro law (referred as Anti-Terrorist Act)
is said to require Magee (plaintiff) to get permission from
defendants who suppress the acquittal, permission to be

heard on United States Constitutional rights.

12.    Declaration of the jurors reads:

" During deliberations ( which commenced
March 26, 1973), all twelve jurors agreed
that the defendant (plaintiff) were NOT
guilty of violating Penal Code Code 209
( kidnapping for extortion.) "

EXHIBIT 2, attached hereto.

13.   The jury further tell of the prosecution used
false witness Gary Thomas (district Attorney) to give
false testimony against the plaintiff which the jurors
found to conflicting for acceptance.
However,  Cointelpro (after ignoring the acquittal) goes
on to use false testimony from an indictment of 1970
which twelve jurors found carring false claims against
the plaintiff charging kidnap (P.C. 209 ).

14.    Federal law, 18 U.S.C. Sec. 3731 bar
all government gag rule's and Anti-terrorist
Act's in case's of acquittal.

15.   The jurors recognized evidence of the Los
Angeles County frameup of May 1963/ July 1965 which
situated the plaintiff to be in prison, and in Marin
County August 7, 1970.   The jurors concluded that had
Magee not been in prison, he would not have been in
Marin county at time of the rebellion where four persons
was killed by San Quentin prison guards- one person killed
included a Superior court judge.

16.    SYSTEMATIC COVERUP BASED ON BRIBERY

On information, and belief, between March 3, 1995 and March 3, 1996, president Bill Clinton accepted more then $20-thousand dollars ( in U.S. currency) as payoff by defendants Younger and Reardon to sign the Jim Crow Law referred as the 1996 Anti Terrorist Act ( restrictions on the habeas corpus and the 1964 Civil Rights Act ), because Magee allowed federal habeas Corpus hearing, or 1983 Civil Rights ACtion hearing, would expose the cointelpro operation (defendants) concealing acquittal and other evidence of wrongful convictions.

17.    On information and belief, House speaker Newt Ginrich, and defendants Hatch and Dole accepted $20 Thousand Dollars in U.S. Currency in bribe money by defendants Younger and Reardon , to entroduce the Anti-Terrorist ACT which is now a catch-22 document that deny victims of cointelpro false misrepresentation a defense in the California courts out of public sight.

18.    Defendant Younger was District attorney in the Los Angeles trial of July 1965 charging Magee kidnapped Mr. Ben Brown and robbed him of $10.

19.    On May 4, 2007, and prior to, defendant Collins conspired with defendants Progerson and Rawlinson upon placing a seperate habeas corpus under gag rule (In re RUCHELL CINQUE MAGEE, CDC, May 4, 2007), which habeas along with Application for Clearance shown judge abuse denying access to court since 1969, suppressing

5/E

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV 8-72)

85 34769

the Los Angeles trial court records to prevent exposing
of Defendant Younger committing jury tampering by use
of deliberately and intentionally false guilty pleads
by the prosecution to trick jurors to believe same to
be the plaintiff's admission of guilt.    The jury
tampering included muzzling and chaining the plaintiff
in presence of the jury for objecting to Younger's
false plea entered as the plaintiff's admission of
guilt.    The false guilty plea July 1965 removed the
evidence of INNOCENCE on the charge of kidnap to rob
Mr. Brown. (Life Sentence issued August 23, 1965).
The Anti-Terrorist Act denying access to court is part
of the false guilty plea (jury tampering) which landed
the plaintiff, an innocent person in prison to be set
up August 7, 1970 in Marin County.  Plaintiff lived, after
injuried by prison guards firing guns.

20.    Defendant Collins claimed that Magee (plaintiff)
was identified as a Vexatious Litigant under the Anti-Act
(anti-terrorist Act), making it mandatory for Magee to
ask permission of Cointelpro ( defendants Progerson -
Rawlinson- Dole - Hatch- and other who control the 9th Circuit
Court of Appeals), because Progerson made his order in
the decision of Magee vs- Nelson (9th Cir.1972) 455 F. 2d 275
(making Magee's case never again heard.)

21.    On JUly 12, 2007, or about, the plaintiff did
submit Application for Clearance with the 9th Circuit Court
of appeals, showing judges abuse since 1969 denying habeas

corpus challenge of the Los Angeles convictions, without

review of the trial court records (#272227) upon making

decisions the court should not have made.

22.   Defendants Progerson - Rawlinson and their

agents of Cointelpro placed the habeas corpus and Application

for Clearance under gag rule in case number #92-80382,

9th Circuit court of appeals where decades of filing

of legal documents remain out of public sight, never

heard on the merits.    Every legal document is labelled

frivolous.

23.   All appeals attempts with the U.S. Supreme Court

have been obstructed by cointelpro gag rule denying right to

be heard.   ████████████████

24.    LOST OF PROPERTY

On September 8, 1976, or about, the plaintiff's

two homes - approximately six (6) aces of land - three

(3) 18 wheeler tractors - Furniture - Jewery and legal

documents  (valued in U.S. Currency more then $250,000.oo

in Franklinton, Louisiana (Washinton Parish) was seized

by the Sheriff (Robert Lyons of Washinton Parish

without giving Notice, claiming the plaintiff was not

a resident of Louisiana .

25.   October 25, 1976, or about, the plaintiff

filed civil action (1983), asking injunction against

theft of property without giving notice.   After years of

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

DENYING RIGHT TO BE HEARD IN THE FEDERAL COURT, EASTERN

DISTRICT OF LOUISIANA, the court in Dember 2001

commenced claiming the Anti-terrorrist Act of 1996

barred Magee's filing of civil action regarding his

property. ( Magee vs- Sheriff Of Washington Parish, et.,al.,

EDL. )


        As result of the defendants conduct herein

alleged, the plaintiff has no plain, speedy, or adequate

remedy by Appeal, and defendants will continue their

COINTELPRO conduct unless the relief sought is granted.

                    PREVIOUS LAWSUIT


    In 1997, plaintiff filed civil action entitled

Magee vs- Hatch, et., al., NO. Civ. 97-2203-RMU, Dist.

Columbia.    The  Filing fee was paid .

    The Court dismissed the complaint alleging the

defendants were immune based on speech and debate

protect congress, etc..

    In March 2004, plaintiff filed Civil Complaint

entitled Magee vs- Clinton, et., al., NO. C-1:04-00607,

Dist. Columbia.    The Court dismissed civil action,

claiming President Clinton was immune . Further, that

plaintiff must pay filing fee, which the plaintiff did

not have.

    Lawsuit now show life threatening benavior by

defendants Hatch - Dole and others CONCEALING JURY

ACQUITTAL, in CONTEMPT OF THE FEDERAL COURT'S ORDER...
                        5/H

( CONTINUE  RELIEF  SOUGHT  )

referred as  prefiling orders and Anti-terrorrist Act which was
VACATED by the U.S. District Court in this matter.

   3.  Temporay restraining order, and/or preliminary injunction
and mandatory injunction and permanent injunction on the following
relief:

    A.  Appointment of counsel

    B. Award of attorney fees and cost and tax and interest

    C. Award of court costs, tax and interest

    D. Award of  $550. 000. 00  for lost of the plaintiff's
       property taking in Louisiana state

    E.  Award of  # 80 _  million dollars  punitive damages to plaintiff

    F. Award of compensatory damages  ($80-million dollars) to
       plaintiff

    G.  ORDER all restrictions on JURY ACQUITTAL UNCONSTITUTIONAL

    H. ORDER all restrictions on habeas corpus Unconstitutional

    I.  ORDER all defendants and all persons directly participating

       with them to CEASE use of all standards of prefiling in habeas

       corpus cases

    J.  ORDER  all equitable relief

    K.  Award plaintiff prejudgment and postjudgment interest.

*Ruchell Cinque Magee*

( Signature of Plaintiff)

RUCHELL CINQUE MAGEE

I declare under penalty of perjury that the foregoing is true and correct.

   Dated:  October 22, 2007

*Ruchell Cinque Magee*

RUCHELL CINQUE MAGEE

1

2

3

4

5        IN THE UNITED STATES DISTRICT COURT

6      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    RUCHELL CINQUE MAGEE,            )
                                       )
9              Petitioner,            )        No. C 07-0091 TEH (PR)
                                       )
10         vs.                         )        ORDER OF DISMISSAL
                                       )
11    A. K. SCRIBNER, Warden,          )        (Docket Nos. 2, 3, 5)
                                       )
12             Respondent.            )
     _____)
13

14         Petitioner, a state prisoner currently incarcerated at California State

15    Prison, Corcoran, has filed a second or successive petition for a writ of habeas

16    corpus under 28 U.S.C. § 2254 challenging a January 23, 1975 conviction from

17    the Superior Court of the State of California in and for the County of Santa Clara.

18    His first federal petition was denied on May 10, 1995. See Magee v. Marshall,

19    No. C 93-3637 DLJ (N.D. Cal. filed Oct. 10, 1993).

20         A second or successive petition may not be filed in this court unless

21    petitioner first obtains from the United States Court of Appeals for the Ninth

22    Circuit an order authorizing this court to consider the petition. See 28 U.S.C. §

23    2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit.

24    The petition accordingly is DISMISSED without prejudice to refiling if petitioner

25    obtains the necessary order. As such, Petitioner's motion seeking "clearance" is

26    DENIED (docket no. 3) as is his motion seeking a temporary restraining order

27    (docket no. 5).

28         Petitioner has also filed an "affidavit," seeking to disqualify the



*Exhibit 1*

1   undersigned (docket no. 2).  As grounds for disqualification, he primarily

2   quarrels with the ruling of this Court (and of other judges in the district) in his

3   previous cases.  However, this is not sufficient to allege a personal bias, as

4   required by 28 U.S.C. § 144. See United States v. $292,888.04 in U.S. Currency,

5   54 F.3d 564, 566 (9th Cir. 1995) (judge's rulings in litigant's other cases not

6   grounds for disqualification).  The declaration therefore is not legally sufficient

7   under Section 144, and the motion, construed as being made pursuant to Section

8   144, will be denied without reference to another judge.  See United States v.

9   Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (judge not required to refer motion to

10  recuse to another judge if motion is not timely or legally sufficient).

11          In addition, the Court has considered the contentions in the motion under

12  28 U.S.C. § 445.  A reasonable person considering the rulings in Petitioner's

13  previous cases would not conclude that they were the product of bias.  See Liteky

14  v. United States, 510 U.S. 540, 555- 56 (1994) ( judicial rulings alone may

15  constitute grounds for appeal, but almost never constitute a valid basis for a bias

16  or impartiality motion).  For these reasons, the motion is also without merit when

17  construed as being brought pursuant to Section 445.  The motion to disqualify is

18  DENIED (docket no. 2).  As such, the Clerk shall close the file, terminate all

19  pending motions as decided by this order, and enter judgment in accordance with

20  this order.

21  SO ORDERED.

22  DATED: _10/10/07_

23                                      THELTON E. HENDERSON
                                        United States District Judge

24

25

26

27

28                                          2

STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO COUNTY
————— —, 2001

## AFFIDAVIT OF BERNARD J. SUARES

I, Bernard J. Suares, hereby depose and declare:

1. That I was elected Jury Forman in the trial of Ruchell Magee, case number 68668, Superior Court of San Francisco County;

2. That I reside in San Francisco County;

3. That at the end of the jury's deliberations (commenced on March 26th, 1973, and terminated April 3rd 1973) all twelve Jurors found Mr. Magee not guilty of violating P.C. 209 (kidnapping for the purpose of extortion);

4. I informed Judge Morton Colvin by written note that all twelve Jurors had reached a uninamous "not guilty" verdict.

Without rendering a judgement on the acquittal, Judge Colvin declared a mistrial on April 3rd, 1973 contradicting the law (Calif. Evidence Code Section 1150 Subdivision (a): "validity of a verdict)";

5. On April 27th, 1973, I filed a written declaration of the acquittal on the Kidnap Charge with the Superior Court of San Francisco County (Case Number 68668).   Other Jurors joined my declaration with written statements confirming the acquittal;

6. I am now informed the Prosecution hid the acquittal he gave to Judge Colvin, and Judge Colvin sealed it. The Prosecutor also created a fraudulent document styled "affidavit" attributed to Junior *William Irwin* portraying the Jurors "not guilty" declaration of April 27, 1973 as being impeached;

7. As shown by the decision, (Ruchell Magee -vs- Superior Court of Santa Clara County [1973] 34 Cal. App ed 201), Mr. Magee's Court appointed lawyer, Robert D. Carrow, failed to report the acquittal given to Judge Colvin by me, before he declared mistrial. Had the acquittal been disclosed, the appellate Court would have honored the acquittal on the Kidnap charge in accordence with Evidence Code 1150, supra.



I have appealed to the Court and have presented proof of acquittal, which is being concealed by the court in violation of the Rico Act and Mr. Magee's Constitutional right to a fair trial.

I have been ignored for more than 23 years and demand that I be heard in a court of law. I will testify and can prove that the Jury was unanimous in their declaration that they found Mr. Ruchell Magee "Not Guilty".

I declare under penalty of perjury the foregoing is true and correct to the best of my knowledge and belief.

Respectfully yours,

Bernard J. Suares
1890 23rd Avenue
San Francisco, CA 94122

SUBSCRIBED AND SWORN TO BEFORE ME THIS 6th DAY OF August 2001.



DIANA B. TRIGUEROS
COMM. #1215897
NOTARY PUBLIC - CALIFORNIA
SAN FRANCISCO COUNTY
My Commission Expires 04-12-2003

Notary Public

My Commission expires:    April 12, 2003

SUPERIOR COURT OF SAN FRANCISCO COUNTY, CA.

People  Vs- Ruchell Magee

NO.  83668

DRAFTED NOTES (VOTES) OF THE JURORS
APRIL, 1973  ON P.C. 209 KIDNAP

1)  David F. Smith,  "NOT GUILTY."

2)  John Chalmer,  "NOT GUILTY."

3)  Mosses Shephard, " Not Guilty."

4)  Kenneth R. Jason,  "NOT GUILTY."

5)  Bernard J. Suares, "NOT GUILTY."

6)  William Irwin,  " NOT GUILTY."

7)  Jacqueline  Buckley, "NOT GUILTY."

8)  Raynell McGee,  " Not Guilty."

9)  Barbara Giddis,  "NOT GUILTY."

10)  Ruth  Feifer,  " NOt Guilty."

11)  Lucy Johnson,  " NOT GUILTY."

12)  Jimmie Davis,  "NOT GUILTY."

_Bernard J. Suares_
Bernard J. Suares

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

*07-2027*
*UNA*

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *Ruchell Cinque Magee* | *Bob Dole etal.)* |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *X8888*
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE (PR)*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

*#A92051*

Case: 1:07-cv-02027
Assigned To : Unassigned
Assign. Date : 11/08/2007
Description: PRO SE GEN. CIVIL

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## E. General Civil (Other) OR ☒ F. Pro Se General Civil

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐   ACTION UNDER F.R.C.P. 23 | DEMAND $ 80 Million | Check YES only if demanded in complaint<br>JURY DEMAND: ☐ YES   ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S)**   (See instruction)
**IF ANY**                              ☐ YES   ☐ NO      If yes, please complete related case form.

DATE  11/07    SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.